UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| K.M.C.,<br><br>              Plaintiff(s),<br><br>vs.<br><br>NANCY A. BERRYHILL,<br>Acting Commissioner of Social Security,<br><br>              Defendant(s). | Case No. 2:17-cv-01828-RFB-NJK<br><br>**ORDER**<br><br>(Docket No. 8) |

Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed *in forma pauperis*, (Docket No. 8), and submitted a Complaint (Docket No. 1-1).

**I.    Application to Proceed *In Forma Pauperis***

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Docket No. 8. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to § 1915(a). The Court will now review Plaintiff's Complaint.

**II.    Screening the Complaint**

Proceeding *in forma pauperis* is a privilege, not a right. *E.g., Williams v. Field*, 394 F.2d 329, 332 (9th Cir. 1968). When a party seeks permission to pursue a civil case *in forma papueris*, courts will screen the complaint pursuant to federal statute. *See* 28 U.S.C. § 1915(e). In particular, the governing statute provides that courts shall dismiss a case at any time if it determines that, *inter alia*, it is frivolous or malicious, or fails to state a claim on which relief may be granted. *See id.* A central function of this screening process is to "discourage the filing of, and waste of judicial and private resources upon, baseless

lawsuits that paying litigants generally do not initiate because of the cost of bringing suit." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

In civil cases in which the plaintiff seeks to proceed *in forma pauperis*, courts require that the plaintiff comply with the robust authority that complaints must provide sufficient notice of the basis of the claims presented and state a claim for relief. *See, e.g., Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Complaints are subject to the pleading standards set out in Rule 8. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002). Although Rule 8 does not require detailed factual allegations, the complaint must set forth the grounds of the plaintiff's entitlement to relief and may not rest on "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Id.* at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Moreover, where the claims in the complaint have not crossed the line from conceivable to plausible, the complaint should be dismissed. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).[1]

A complaint in a social security appeal is not exempt from the Section 1915(e) screening of *in forma pauperis* cases generally. *Hoagland v. Astrue*, 2012 WL 2521753, *1 (E.D. Cal. June 28, 2012) (screening is required "even if the plaintiff pursues an appeal of right, such as an appeal of the Commissioner's denial of social security disability benefits"); *see also Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) ("section 1915(e) applies to all in forma pauperis complaints"). Moreover, although a complaint in a social security appeal may differ in some ways from other civil cases, it is also "not exempt from the general rules of civil pleading." *Hoagland*, 2012 WL 2521753, at *2. With respect to social security appeals specifically, the undersigned and several other judges in this District have outlined some of the

---

[1] In cases in which the plaintiff is proceeding *pro se*, the Court liberally construes her pleadings. *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (finding that liberal construction of *pro se* pleadings is required after *Twombly* and *Iqbal*). Plaintiff is represented by an attorney in this case.

basic requirements for complaints to satisfy the Court's screening. First, the plaintiff must establish that he has exhausted his administrative remedies pursuant to 42 U.S.C. § 405(g), and that the civil action was commenced within sixty days after notice of a final decision. Second, the complaint must indicate the judicial district in which the plaintiff resides. Third, the complaint must state the nature of the plaintiff's disability and when the plaintiff claims he became disabled. Fourth, the complaint must contain a plain, short, and concise statement identifying the nature of the plaintiff's disagreement with the determination made by the Social Security Administration and show that the plaintiff is entitled to relief. *See, e.g.*, *Graves v. Colvin*, 2015 WL 357121, *2 (D. Nev. Jan. 26, 2015) (collecting cases).

It is the fourth element above on which social security plaintiffs most often stumble. "Every plaintiff appealing an adverse decision of the Commissioner believes that the Commissioner was wrong." *Hoagland*, 2012 WL 2521753, at *3. A complaint merely stating that the Commissioner's decision was wrong is plainly insufficient to satisfy a plaintiff's pleading requirement. *See, e.g., Cribbet v. Comm'r of Social Security*, 2012 WL 5308044, *3 (E.D. Cal. Oct. 29, 2012) (citing *Brown v. Astrue*, 2011 WL 3664429, *2 (D.N.H. Aug. 19, 2011)). "Similarly, a social security complaint that merely parrots the standards used in reversing or remanding a case is not sufficient to withstand a screening pursuant to Section 1915(e)." *Graves*, 2015 WL 357121, at *2 (citing *Ashcroft*, 556 U.S. at 678). Instead, "[a] complaint appealing the Commissioner's denial of disability benefits must set forth a brief statement of facts setting forth the reasons *why* the Commissioner's decision was wrong." *Hoagland*, 2012 WL 2521753, at *2 (collecting cases) (emphasis added); *see also Graves*, 2015 WL 357121, at *3 (finding complaint failed to state a claim when it alleged only that "the Commissioner's decision to deny [the plaintiff] benefits was wrong without any indication as to why it was wrong other than a recitation of the general standards that govern this Court's review of that decision"); *Harris v. Colvin*, 2014 WL 1095941, *4 (C.D. Cal. Mar. 17, 2014) (finding complaint failed to state a claim when it did not "specify . . . the respects in which [the plaintiff] contends that the ALJ's findings are not supported by substantial evidence and/or that the proper legal standards were not applied"); *Gutierrez v. Astrue*, 2011 WL 1087261, *2 (E.D. Cal. Mar. 23, 2011) (finding complaint failed to comply with Rule 8's notice requirements when it stated only that benefits were denied, but had not "provided any substantive reasons" for appealing that decision and had not "identified any errors in any decision rendered by the Administrative Law Judge"). The

plaintiff must provide a statement identifying the basis of the plaintiff's disagreement with the Social Security Administration's determination and must make a showing that the plaintiff is entitled to relief. While this showing need not be made in great detail, it must be presented in sufficient detail for the Court to understand the legal and/or factual issues in dispute so that it can meaningfully screen the complaint pursuant to § 1915(e). *Cf. Hoagland*, 2012 WL 2521753, at *4 (the complaint should avoid the advocacy and argumentation of the opening brief to be submitted later, but must specifically set forth the facts showing an entitlement to relief).

In this case, Plaintiff has filed a bare-bones, form complaint. That complaint fails to identify the nature of Plaintiff's disability and alleged onset date. The complaint is also plainly insufficient as to the fourth element, given that it merely parrots the legal standards applicable to this Court's review rather than putting forth the reason(s) why the Commissioner's decision was wrong. *See, e.g.*, *A.R.N.H. v. Colvin*, 2017 U.S. Dist. Lexis 37166 (D. Nev. Mar. 15, 2017); *Douzat v. Colvin*, 2017 U.S. Dist. Lexis 17091 (D. Nev. Feb. 6, 2017); *Mix v. Colvin*, 2016 U.S. Dist. Lexis 110128 (D. Nev. Aug. 16, 2016); *Macbrair v. Colvin*, 2016 U.S. Dist. Lexis 66082 (D. Nev. May 17, 2016); *Shields v. Colvin*, 2016 U.S. Dist. Lexis 62955 (D. Nev. May 11, 2016); *Coleman v. Colvin*, 2016 U.S. Dist. Lexis 57348 (D. Nev. Apr. 27, 2016); *Montoya v. Colvin*, 2016 U.S. Dist. Lexis 30114 (D. Nev. Mar. 8, 2016); *Manneh v. Colvin*, 2015 U.S. Dist. Lexis 164317 (D. Nev. Dec. 7, 2015); *Dearman v. Colvin*, 2015 U.S. Dist. Lexis 148862 (D. Nev. Oct. 28, 2015); *Lopez v. Colvin*, 2015 U.S. Dist. Lexis 145565 (D. Nev. Oct. 26, 2015); *Schultz v. Colvin*, 2015 U.S. Dist. Lexis 139163 (D. Nev. Oct. 9, 2015); *Bernoudy v. Colvin*, 2015 U.S. Dist. Lexis 139795 (D. Nev. Oct. 9, 2015); *Bogroff v. Colvin*, 2015 U.S. Dist. Lexis 114552 (D. Nev. Aug. 27, 2015); *Schwei v. Colvin*, 2015 U.S. Dist. Lexis 75100 (D. Nev. June 9, 2015); *Aguila v. Colvin*, 2015 U.S. Dist. Lexis 65292 (D. Nev. May 19, 2015); *Vandiver v. Colvin*, 2015 U.S. Dist. Lexis 65910 (D. Nev. May 19, 2015); *Thacker v. Colvin*, 2015 U.S. Dist. Lexis 49632 (D. Nev. Apr. 14, 2015); *Szelap v. Colvin*, 2015 U.S. Dist. Lexis 14496 (D. Nev. Feb. 5, 2015).

//
//
//
//

### III. Conclusion

Based on the foregoing, IT IS ORDERED that:

1. Plaintiff's request to proceed *in forma pauperis* is **GRANTED** with the caveat that the fees shall be paid if recovery is made. At this time, Plaintiff shall not be required to pre-pay the filing fee of four hundred dollars ($400.00).
2. Plaintiff is permitted to maintain the action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of a security therefor. The Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.
3. The Clerk of Court shall file the Complaint.
4. The Complaint is **DISMISSED** with leave to amend. Plaintiff will have until **July 25, 2017**, to file an Amended Complaint, if Plaintiff believes he can correct the noted deficiencies.

Dated: July 11, 2017

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE