**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| MARCUS CHANNEY, | Case No. 2:17-cv-01828-RFB-NJK |
| Plaintiff(s), | |
| v. | REPORT AND RECOMMENDATION |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF SOCIAL SECURITY, | (Docket Nos. 22, 23) |
| Defendant(s). | |

This case involves judicial review of administrative action by the Commissioner of Social Security ("Commissioner") denying Plaintiff's application (on behalf of K.M.C.) for disability insurance benefits and supplemental security income pursuant to Title XVI of the Social Security Act, 42 U.S.C. Ch. 7. Currently pending before the Court is Plaintiff's Motion for Reversal and/or Remand. Docket No. 22. The Commissioner filed a response in opposition and a Cross-Motion to Affirm. Docket No. 23. No reply was filed. This action was referred to the undersigned magistrate judge for a report of findings and recommendation.

**I.   STANDARDS**

    A.   <u>Judicial Standard of Review</u>

The Court's review of administrative decisions in social security disability benefits cases is governed by 42 U.S.C. § 405(g). *Akopyan v. Barnhart*, 296 F.3d 852, 854 (9th Cir. 2002). Section 405(g) provides that, "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a

review of such decision by a civil action . . . brought in the district court of the United States for the judicial district in which the plaintiff resides." The Court may enter, "upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." *Id.*

The Commissioner's findings of fact are deemed conclusive if supported by substantial evidence. *Id*. To that end, the Court must uphold the Commissioner's decision denying benefits if the Commissioner applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005). The Ninth Circuit defines substantial evidence as "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). In determining whether the Commissioner's findings are supported by substantial evidence, the Court reviews the administrative record as a whole, weighing both the evidence that supports and the evidence that detracts from the Commissioner's conclusion. *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998).

Under the substantial evidence test, the Commissioner's findings must be upheld if supported by inferences reasonably drawn from the record. *Batson v. Comm'r, Soc. Sec. Admin.,* 359 F.3d 1190, 1193 (9th Cir. 2004). When the evidence will support more than one rational interpretation, the Court must defer to the Commissioner's interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Consequently, the issue before this Court is not whether the Commissioner could reasonably have reached a different conclusion, but whether the final decision is supported by substantial evidence.

It is incumbent on the ALJ to make specific findings so that the Court does not speculate as to the basis of the findings when determining if the Commissioner's decision is supported by substantial evidence. The ALJ's findings should be as comprehensive and analytical as feasible and, where appropriate, should include a statement of subordinate factual foundations on which the ultimate factual conclusions are based, so that a reviewing court may know the basis for the decision. *See, e.g., Gonzalez v. Sullivan*, 914 F.2d 1197, 1200 (9th Cir. 1990).

### B. Disability Evaluation Process for Children

For an individual under eighteen years of age to be considered disabled for the purpose of receiving benefits, he must suffer from a "medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 1382c(a)(3)(C)(i). An impairment meets this requirement if it meets or equals in severity any impairment that is listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the "listings"). 20 C.F.R. § 416.924(d).

The Regulations promulgated by the Social Security Administration establish a three-step sequential evaluation process for child disability cases. *See* 20 C.F.R. § 416.924. At step one, the relevant inquiry is whether the child is engaged in substantial gainful activity. 20 C.F.R. § 416.924(a). If so, no disability exists, and the claim is denied. 20 C.F.R. § 416.924(b). If the child is not engaged in substantial gainful activity, the fact finder then determines whether the child has a medically determinable impairment or combination of impairments that is severe. 20 C.F.R. §416.924(a). If the impairment is a "slight abnormality or a combination of slight abnormalities that causes no more than minimal functional limitations," the Commissioner will find that the impairment is not severe and will deny the child's claim. 20 C.F.R. §416.924(c).

If the child has a severe impairment, the third and final step assesses whether the impairment meets or medically or functionally equals in severity an impairment in the listings. 20 C.F.R. § 416.924(d). If the impairment meets or equals the requirements of a listing, the child will be found disabled, assuming that the 12-month duration requirement is also met. *Id*. A child's impairment "is medically equivalent to a listed impairment . . . if it is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. § 416.926(a). To establish medical equivalence, "a claimant must establish symptoms, signs and laboratory findings 'at least equal in severity and duration' to the characteristics of a relevant listed impairment." *Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999) (quoting 20 C.F.R. § 404.1526).

To determine whether a child's severe impairment functionally equals a listed impairment, the Commissioner assesses all of the functional limitations caused by the child's impairment in six domains:

(1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for oneself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(a)-(b). To functionally equal a listed impairment, a child's impairment must result in "marked" limitations in two domains or an "extreme" limitation in one domain. 20 C.F.R. § 416.926a(a). A "marked" limitation is one that "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). It is "more than moderate" but "less than extreme." *Id.* A child's "day-to-day functioning may be seriously limited when [his] impairment(s) limits only one activity or when the interactive and cumulative effects of [his] impairment(s) limit several activities." *Id.* An "extreme" limitation "interferes very seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(3)(i). It is the rating given to "the worst limitations." *Id.*

## II. BACKGROUND

### A. Procedural History

On December 4, 2013, Plaintiff filed an application for supplemental security income alleging that K.M.C. became disabled on October 1, 2008. *See* Administrative Record ("A.R.") 245-53. Plaintiff's claims were denied initially on February 20, 2014, and upon reconsideration on July 11, 2014. A.R. 108-12, 124-28. On August 12, 2014, Plaintiff filed a request for a hearing before an Administrative Law Judge ("ALJ"). A.R. 129-31. On February 17, 2016, Plaintiff, Plaintiff's attorney, K.M.C., and K.M.C.'s mother appeared for a hearing before ALJ Donald R. Colpitts. A.R. 58-82.[1] On March 23, 2016, the ALJ issued an unfavorable decision finding that Plaintiff had not been under a disability, as defined by the Social Security Act, since the date the application was filed. A.R. 20-45. On May 4, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied Plaintiff's request for review. A.R. 1-7.

On July 3, 2017, Plaintiff commenced this action for judicial review. Docket No. 1.

---

[1] On October 2, 2015, Plaintiff, Plaintiff's attorney, and a medical expert appeared for a hearing before ALJ Teresa L. Hoskins Hart. A.R. 46-57. That hearing did not proceed on the substance of Plaintiff's claims because the record was incomplete. A.R. 55.

B.    The Decision Below

In the instant case, at step one, the ALJ found that K.M.C. had not engaged in substantial gainful activity since December 4, 2013, the application date. A.R. 26. At step two, the ALJ concluded that K.M.C. had the following severe impairments: attention deficit-hyperactivity disorder (ADHD), asthma, a possible learning disorder in math, and an affective disorder with psychotic features. A.R. 26. At step three, the ALJ determined that K.M.C. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1, and did not have an impairment or combination of impairments that functionally equals the severity of the listings. A.R. 26-39. Accordingly, the ALJ concluded that K.M.C. is not disabled under section 1614(a)(3)(C) of the Social Security Act. A.R. 39.

### III.    ANALYSIS AND FINDINGS

Plaintiff raises a single argument on appeal, that the ALJ lacked substantial evidence in finding that K.M.C.'s impairments did not functionally equal the listings. Docket No. 22 at 4-7. In particular, Plaintiff contends that K.M.C. had greater limitations than found by the ALJ as evidenced by various teacher questionnaires. *Id.* at 6-7. The Commissioner counters that the ALJ's decision was premised on the opinions of State agency psychologists and pediatricians, which constitute substantial evidence. Docket No. 23 at 6-8. The Commissioner has the better argument.

As noted above, the ALJ found at step three that K.M.C.'s impairments did not functionally equal a listed impairment, and that finding was based primarily on the opinions of Dr. Roldan, Dr. Toth, Dr. Skewis, and Dr. Kareltiz. A.R. 30 (discussing Exhibits 2A and 4A).[2] Plaintiff fails to explain how any of those opinions are faulty, but rather asks this Court to make a different finding based on teacher questionnaires. Docket No. 22 at 6-7.[3] Simply pointing to some potentially contrary evidence in the

---

[2] The ALJ's decision rests on other evidence, as well. With respect to the domain of acquiring and using information, for example, the ALJ also relied on, *inter alia*, Plaintiff's 2.556 grade point average and his appearance at the hearing, at which he was able to understanding everything and could recite his address, his cell phone number, his mother's cell phone number, and his father's cell phone number. A.R. 33.

[3] In a single sentence, Plaintiff contends that "[f]urther evidence of marked limitation in this domain [of ability in acquiring and using information] are test results that demonstrate that K.M.C.'s math and

record does not suffice to show that an ALJ's decision is not supported by substantial evidence. *Cf. Shaibi v. Berryhill*, 883 F.3d 1102, 1108 (9th Cir. 2017). It is for the ALJ to evaluate the record before him and make reasonable conclusions therefrom. *See, e.g.*, *Burch*, 400 F.3d at 679 ("Where evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld"). While Plaintiff would have preferred the ALJ interpret the record differently, he has failed to show that the ALJ was required to do so.

## IV.  CONCLUSION

Judicial review of the Commissioner's decision to deny disability benefits is limited to determining whether the decision is free from legal error and supported by substantial evidence. It is the ALJ's responsibility to make findings of fact, draw reasonable inferences from the record, and resolve conflicts in the evidence including differences of opinion. Having reviewed the Administrative Record as a whole and weighed the evidence that supports and detracts from the conclusion, the Court finds that the ALJ's decision is supported by substantial evidence under 42 U.S.C. § 405(g) and that the ALJ did not commit legal error.

Based on the forgoing, the undersigned hereby **RECOMMENDS** that Plaintiff's Motion for Reversal and/or Remand (Docket No. 22) be **DENIED** and that Defendant's Cross-Motion to Affirm (Docket No. 23) be **GRANTED**.

IT IS SO ORDERED.

DATED:  March 26, 2018

_____
NANCY J. KOPPE
United States Magistrate Judge

---

reading skills are far below grade level." Docket No. 22 at 6. No meaningful argument is provided as to how such test scores demonstrate error by the ALJ, and any such argument is therefore deemed waived. *See, e.g.*, *Hilao v. Estate of Marcos*, 103 F.3d 767, 778 n.4 (9th Cir. 1996). At any rate, the Commissioner has persuasively responded that the test scores do not support Plaintiff's position. *See* Docket No. 23 at 8-9 (citing, *inter alia*, 20 C.F.R. § 416.926a(e)(2)(i)).

**NOTICE**

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).