# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

MARCUS K. CHANNEY, o.b.o. K.M.C.,

Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security Administration,

Defendant.

Case No. 2:17-cv-01828-RFB-NJK

**ORDER ADOPTING REPORT & RECOMMENDATION OF MAGISTRATE JUDGE NANCY J. KOPPE**

## I.  INTRODUCTION

Before the Court for consideration is the Report and Recommendation of the Honorable Nancy J. Koppe, United States Magistrate Judge, entered March 26, 2018. ECF No. 24. Plaintiff objected on April 5, 2018. ECF No. 25. Defendant responded on April 12, 2018. ECF No. 26. For the reasons discussed below, the Report and Recommendation is adopted in full.

## II.  BACKGROUND

Neither party objected to the Magistrate Judge's summary of the background facts, and so the Court incorporates and adopts, without restating, that "background" section here. See Report & Recommendation 4:12–5:10, ECF No. 24.

## III.  LEGAL STANDARD

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). A party may file specific

written objections to the findings and recommendations of a magistrate judge. 28 U.S.C. § 636(b)(1); Local Rule IB 3-2(a). When written objections have been filed, the district court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); see also Local Rule IB 3-2(b).

## IV. DISCUSSION

In his objection, Plaintiff argues that the Magistrate Judge erred in finding that the ALJ's determinations were supported by substantial evidence. Specifically, Plaintiff challenges only the ALJ's determinations in two out of the six domains at step three of the disability analysis for minors: (1) acquiring and using information and (2) attending and completing tasks.

Plaintiff does not identify any legal errors committed by the ALJ in his analysis in either domain, nor does Plaintiff argue that the ALJ failed to consider or mischaracterized any evidence. Rather, Plaintiff vaguely argues that the ALJ provided inadequate analysis. However, the ALJ discussed substantial evidence in the record to support his conclusions that Plaintiff had less than marked limitations in acquiring and using information and in attending and completing tasks. The ALJ supported his conclusions with the opinions of two State agency psychological consultants, a psychiatrist's assessment, and Plaintiff's performance at the hearing, among other evidence. AR 33–35. The ALJ did not find that Plaintiff had no limitations in these domains, but simply found that the limitations supported by the record were neither marked nor extreme. Plaintiff fails to show that the ALJ erred.

## V. CONCLUSION

**IT IS HEREBY ORDERED** that the Report and Recommendation (ECF No. 24) is ADOPTED in full.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Remand (ECF No. 22) is DENIED and Defendant's Motion to Affirm (ECF No. 23) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter a final judgment in favor of Defendant, and against Plaintiff. The Clerk of Court is instructed to close the case.

**DATED** this 25th day of October, 2018.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**